Curia, per
Colcock, J.
In this case I cannot conceive how a doubt could arise as to the intention of the testator. In the first clause of his will he gives absolutely and unconditionally four slaves to his wife. In the fourth he gives four negroes to the child with which his wife was then pregnant, which, he says, are to be kept together, with the bequest to his other children. And in the fifth he directs, that certain negroes be sold and others bought, which, with his slaves Jesse and Molly, should be equally divided between his wife and all his. children now born or to be born, and then adds, that the part or portion of the negro slaves last mentioned, which may fall to his children, is to go with the rest of their estate, and be equally divided when they marry or arrive at the age of twenty-one. So far, there is, certainly, nothing which conveys the idea that he intended the share given to the wife should be kept with those given to the children for any length of time. On the contrary, in the last clause referred to, he seems most clearly to distinguish between that which he has given to the wife and that which he gives to the children, and directs the latter only to be kept together. In the next and subsequent clause of the will he does direct that the property therein bequeathed should be kept together until his son Ransom should arrive at age. I can perceive no reason then, why that part of the testator’s property which is specifically given to his wife should not now be delivered to her. Some difficulty seems to be presented, in determining' what portion of the property mentioned in the fifth clause the wife is entitled to, arising from the words *556 born or to be born; but when we advert to the situation of his wife at the time he made the will, and the different clauses in which these words are used, I think, it is clear that he referred to the child with which his wife was then pregnant and to that alone, and did not and could not have intended to make a provision for all his children who might thereafter be bom. These words are used'only in the fifth and sixth clauses; in the first of which five negroes are bequeathed, and in the latter his plantation. .Can it be imagined, that he could have intended that all the children his wife might ever have should participate in.this small portion of his property, when the rest of it was disposed of to those who were, then in being'? Besides the inequality in such disposition of his estate, it seldom happens, that a man looks so far forward as to be making provision for children not expected to be soon born. And when the words are applied to the child the construction, contended for by the defendants, would evidently violate the obvious intention of the testator and do manifest injustice to the child.' I therefore consider the testator as intestate as to him, and that he must come in under the clause of the act of 1791 and receive a share to be made up by contributions among the other children, decree does seem to direct that the widow should also contribute, but I cannot suppose that that was intended; for the words of the act are very explicit and ¿0 ncq seem to afford room for doubt. The words are, “ If no provision be made by the will of the testator for any child or children that may be bom after his death, such child or children shall be entitled to an equal share of all real and personal estate given to the other child or children, who shall contribute to make up such share or shares according to their respective interests or portions accruing to them under such will. Pub. Laws, 491. The widow is not mentioned or referred to. If then the *557 posthumous child does not take under the fifth clause the widow is entitled to one fifth.
When a isnot ded for by the other children mother must contribute to portionequal' to the other
*557 As to that property which he directs to be kept together, the Court have discovered no sufficient reason to direct a distribution at present: but as to the share to which the wife, under the fifth clause, is entitled, it is ordered that a writ of partition do issue and that the executor deliver up to complainants the negroes specifically bequeathed to the wife in the first clause of the will.
CeRtxficate. In this case the Court being of opinion that the posthumous child, Wade Washington Tisdale, does not take under the will, and that the complainant Nancy Burke, late Nancy Tisdale, is entitled to the fifth part of the property bequeathed in the fifth clause of the testator’s will. It is ordered that a writ of partition do issue to divide the property contained in said clause between the said Nancy and her four children, Ransom, Mary Ann, John and Munford, and that her part or portion be delivered to her, and that which belongs to the children be kept together as directed by the will. It is further ordered and decreed that the four negroes named in the second clause of the will and left to the said Nancy be immediately delivered to her. In other respects the decree of the Chancellor is affirmed.
C. J. Colcock.
D. Johnson.